UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| ARCH INSURANCE COMPANY, | : | CIVIL CASE NUMBER: |
| --- | --- | --- |
|    *Plaintiff*, | : | |
| | : | 3:16-cv-01891-VLB |
| | : | |
| | : | November 2, 2017 |
| CENTERPLAN CONSTRUCTION | : | |
| COMPANY, LLC, *et al.* | : | |
|    *Defendants*. | : | |

## RULING ON EMERGENCY MOTION TO QUASH [DKT. 64]

Before the Court is an Emergency Motion to Quash the subpoenas served on four non-party witnesses, requiring them to appear and testify at the Prejudgment Remedy ("PJR") Hearing on November 6, 2017. The non-party witnesses are Howard Rifkin, Corporation Counsel for the City of Hartford; I. Charles Matthews, Chairman of the Hartford Stadium Authority; Sean Fitzpatrick, Director of Development Services; and Michael Looney, Deputy Director of Public Works. Defendants / Counterclaim Plaintiffs issued these subpoenas on October 30, 2017. The following day the non-party witnesses filed the instant motion pursuant to Fed. R. Civ. P. 45(d)(3), requesting that the Court quash the subpoena on three grounds: (1) the subpoenas "fail[ ] to allow a reasonable time to comply" under Fed. R. Civ. P. 45(d)(3)(A)(i); (2) the subpoenas "subject a person to undue burden" under Fed. R. Civ. P. 45(d)(3)(A)(iv); and (3) the scope of the subpoenas are outside the scope of the PJR Hearing. For the following reasons, the motion is GRANTED.

1

Under Fed. R. Civ. P. 45(d)(3)(A)(i), a court is required to quash a subpoena when it "fails to allow a reasonable time to comply." This subpoena was served seven days in advance of the hearing. Courts within this circuit have ruled the service of a subpoena five to nine days in advance of a hearing is not "reasonable time to comply." *See Bouchard Transp. Co., Inc. v. Assoc. Elec. & Gas Ins. Servs. Ltd.*, No. 15 Civ. 6586 PAC, 2015 WL 6741852, at *2 (S.D.N.Y. Nov. 4, 2015) (finding five days between receipt of the subpoena and the deposition date to be an unreasonable amount of time); *Brown v. Hendler*, No. 09 Civ. 4486 (RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (ruling nine days between service of the subpoena and the deposition date to violate Rule 45) (citing cases). Although the cases cited pertain to the scheduling of depositions, which are typically scheduled further in advance than PJR hearings, the Court finds these cases instructive as the parties in this case have been aware of the PJR hearing date for two months and thus had ample time to issue the subpoenas. The subject matters of the subpoenas are complex and detailed. To testify competently, the targets would have to identify, review and acquire a command of complex and detailed construction and financial records. The Court finds that the subpoenas were not served within a reasonable time to afford the targets the required time to prepare and appear to testify competently. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv).

Finally, Exhibit D to the Motion to Quash is an email between Defendants' counsel and the non-parties' counsel and it reflects the anticipated content of the questioning at the PJR Hearing—content that is not relevant to the Court's

consideration in awarding a prejudgment remedy. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). Specifically, defense counsel plans to question the witnesses about the City's financial matters regarding the Yard Goats' stadium project and the arrangements for Arch presumably to take over the project.

The standard for awarding a prejudgment remedy is whether there is probable cause, i.e. "a bona fide belief in the existence of the facts essential under the law for the actions [that] would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." *TES Franchising, LLC v. Feldman*, 286 Conn. 132, 137-38 (2008) (quoting *Wall v. Toomey*, 52 Conn. 35, 36 (1884)). Defenses and counterclaims can only defeat probable cause where they are factually and legally simple and clear. *See Babiarz v. Hartford Special, Inc.*, 2 Conn. App. 388, 393 (1984). Therefore, the City's finances and arrangements with Arch are not relevant to any of Defendants' affirmative defenses or counterclaims in the context of the PJR Hearing.[1]

---

[1] The affirmative defenses are: (1) Arch's contributory negligence in failing to investigate the Centerplan's alleged default; (2) estoppel; (3) unclean hands; (4) Arch's prior breach of contract of the Indemnity Agreements and bonds. [Dkt. 37 (First Am. Ans. and Counterclaim) at 10-13]. The counterclaims are (1) Arch's breach of contract regarding the Indemnity Agreements and bonds; (2) breach of the implied covenant of good faith and fair dealing; (3) surety bad faith; (4) tortious interference with contractual relations; and (5) violation of Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq.*

The scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26." *East Point Sys., Inc. v. Maxim*, No. 3:13-cv-00215 (VAB), 2015 WL 1971453, at *3 (D. Conn. Apr. 30, 2015). Under Rule 26(b)(1), relevant information is discoverable so long as it is proportional, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Court notes that such evidence ultimately may be relevant to the merits of the case, but finds that the nature of the anticipated testimony is outside the scope of information relevant to the PJR Hearing.

For the foregoing reasons, the Motion to Quash is GRANTED.

IT IS SO ORDERED.

						_____
						Hon. Vanessa L. Bryant
						United States District Judge