UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARCH INSURANCE COMPANY,<br><br>                    **Plaintiff,**<br>   v.<br><br>CENTERPLAN CONSTRUCTION COMPANY, LLC,<br>ROBERT LANDINO,<br>KELLY LANDINO,<br>CENTERPLAN DEVELOPMENT CO., LLC,<br>RAL INVESTMENTS, LLC,<br>WALNUT HILL CHASE, LLC,<br>TINKER HOUSE, LLC,<br>GH DEVELOPMENT, INC.,<br>CENTER EARTH, LLC,<br>and<br>CENTERPLAN COMMUNITIES, LLC,<br><br>                    **Defendants.** | CIVIL ACTION<br><br>NO.: 3:16-cv-01891-VLB<br><br>December 14, 2017 |

**MOTION OF PLAINTIFF ARCH INSURANCE COMPANY FOR A PRELIMINARY INJUNCTION AND FOR SUMMARY JUDGMENT AS TO COUNTS III THROUGH VI OF THE COMPLAINT TO ENFORCE ITS RIGHTS TO THE POSTING OF COLLATERAL SECURITY AND THE DISCLOSURE OF FINANCIAL INFORMATION**

Pursuant to Rule 65 and Rule 56 of the Federal Rules of Civil Procedure, plaintiff Arch Insurance Company ("Arch") moves the Court to issue a preliminary injunction as to Counts III through VI of its Complaint, requiring the defendants to post cash collateral security with Arch in the amount of $38,313,100.82, and requiring each defendant to fully disclose all of its books, records, credit reports,

ORAL ARGUMENT REQUESTED

17908877v.2

tax returns and financial account statements (both joint and several), and to further enter summary judgment in favor of Arch as to Counts III through VI of its Complaint, so that Arch can enforce its right to indemnity and collateral security. In support of its motion, Arch avers as follows:

1)  In order to induce Arch, as surety, to issue bonds in favor of defendant Centerplan Construction Company LLC ("Centerplan") and defendant Center Earth LLC ("Center Earth"), each defendant, as Indemnitor, executed one or more General Indemnity Agreements, requiring, *inter alia*, that each defendant disclose personnel financial information to Arch and post cash security on demand in an amount equal to the greater of the amount of any reserve established by Arch to cover any actual or potential losses or the amount of any claim or claims or other liabilities asserted against Arch as a result of it issuing the bonds.

2)  Arch thereafter issued a number of surety bonds (the "Bonds") on behalf of defendant Centerplan or on behalf of defendant Center Earth in reliance on the defendant indemnitors having executed the indemnity agreements.

3)  Arch then received a significant number of substantial claims on the Bonds, including a performance bond claim, payment bond claims, and union wage and fringe benefit bond claims.

4)  Arch has made significant payments and has otherwise sustained and incurred significant losses and expenses as a result of having executed the Bonds.

5) As of December 15, 2017, the amount of Losses (as that term is defined in the indemnity agreements) sustained and incurred by Arch by reason of having executed the Bonds exceeds $39 million.

6) Arch previously estimated its exposure to Losses as a result of having issued the Bonds in an amount in excess of $18,807,737.47 as of August 19, 2016.

7) On or about that date, and pursuant to the terms of the indemnity agreements executed by the defendants, Arch made demand on the defendants to post collateral security in the amount of $18,807,737.47.

8) To date, the defendants have failed to comply with Arch's August 2016 demand, and have failed to post collateral security.

9) Following the August 2016 demand, Arch continued to receive substantial claims on the Bonds, and has continued to make significant payments and has otherwise continued to incur significant Losses by reason of having executed the Bonds.

10) As its Losses continued to increase, Arch made an updated demand on the defendants to post collateral security on October 13, 2017.

11) On or about that date, Arch made an updated demand on the defendants, pursuant to the terms of the indemnity agreements executed by the defendants, to post collateral security in the amount of $38,313,100.82.

12) To date, the defendants have failed to comply with Arch's updated October 2017 demand, and have failed to post collateral security.

17908877v.2

13)     Finally, Arch also previously made demand upon the defendants to disclose all of their books, records, credit reports, tax returns and financial account statements (both joint and several) so that Arch could enforce its right to collateral security, including a demand to disclose all of the defendants' books and records regarding the sale of a significant asset, i.e., a 25% membership interest in Greenskies Renewable Energy, LLC, a Connecticut limited liability company ("Greenskies"), owned by defendant Robert Landino.

14)     To date, the defendants have failed to fully disclose the requested financial information.

15)     To protect and enforce its rights, Arch filed its Complaint in this action, alleging the following causes of action: Count I – Contractual Indemnification; Count II – Common Law Indemnification;[1] Count III – Contractual Security; Count IV – Common Law Exoneration; Count V – *Quia Timet*; and Count VI – Disclosure of Financial Information.

16)     Arch is entitled to the entry of preliminary injunctive relief as to Count III (Contractual Security), Count IV (Common Law Exoneration), Count V (*Quia Timet*), and VI (Disclosure of Financial Information) of its Complaint, in that it is likely to succeed on its claims for the posting of collateral security, exoneration, *quia timet,* and for the disclosure of financial information and documentation.  Further, Arch will sustain irreparable injury in the absence of the entry of a preliminary injunction, and the balance of hardships tips decidedly in favor of the granting of the requested preliminary injunctive relief.

---

[1] **Arch's claims for indemnification are the subject of a separate motion being filed by Arch.**

17908877v.2

17) Further, Arch is entitled to the entry of summary judgment as to Counts III through VI of its Complaint, in that there are no disputed issues of material fact and Arch is entitled to judgment as a matter of law.

18) In support of this Motion, Arch relies upon its Local Rule 56(a)(1) Statement of Undisputed Material Facts, the Exhibits attached hereto (including the Affidavit of Joel Beach, Esquire), and its Memorandum of Law, all filed contemporaneously with this Motion.

WHEREFORE, Arch moves the Court to issue a preliminary injunction as to Counts III through VI of its Complaint requiring:

1) the defendants to post collateral security with Arch in the amount of $38,313,100.82 pursuant to the collateral security provisions of the indemnity agreements;

2) defendants Centerplan and Center Earth, as principals on the Arch bonds, to post collateral security with Arch in the amount of $38,313,100.82 pursuant to the common law doctrines of exoneration and *quia timet*; and

3) the defendants to fully disclose to Arch all of their books, records, credit reports, tax returns, account statements, and financial documents (both joint and several), including but not limited to:

   (i) each Indemnitor's three most recently filed federal income tax returns;

   (ii) any and all documents evidencing each defendant's income, net worth, profit and loss statements, assets, liabilities, balance sheets, appraisals, membership interests, operating agreements, distributions, buyouts, encumbrances, notes, mortgages, leases, cash flow, guaranties, and financing arrangements; and

   (iii) any and all documents concerning any defendant's bank accounts, brokerage accounts, or other accounts subject to attachment and/or garnishment;

-5-

- **(iv)** any and all documents concerning any defendant's membership interest(s) or financial interest(s) in Greenskies;

- **(v)** any and all documents concerning any purchase agreement or sale agreement regarding or pertaining to any defendant's membership interest(s) or financial interest(s) in Greenskies; and

- **(vi)** any and all documents concerning any proceeds from any sale of any defendant's membership interest(s) or financial interest(s) in Greenskies, including but not limited to the amount of any proceeds, the distribution of any proceeds, and the timing of any such distribution.

- **(vii)** any and all documents concerning any defendant's membership interest(s) or financial interest(s) in any other limited liability company, including but not limited to ACNJ Investments, LLC, Revel North Beach, LLC, Ten AC NJ, LLC, and AC Beach Restaurant Group, LLC;

- **(viii)** any and all documents concerning any purchase agreement or sale agreement regarding or pertaining to any defendant's membership interest(s) or financial interest(s) in any other limited liability company, including but not limited to ACNJ Investments, LLC, Revel North Beach, LLC, Ten AC NJ, LLC, and AC Beach Restaurant Group, LLC;; and

- **(ix)** any and all documents concerning any proceeds from any sale of any defendant's membership interest(s) or financial interest(s) in any other limited liability company (including but not limited to ACNJ Investments, LLC, Revel North Beach, LLC, Ten AC NJ, LLC, and AC Beach Restaurant Group, LLC), including but not limited to the amount of any proceeds, the distribution of any proceeds, and the timing of any such distribution.

**Arch further moves for the entry of an order granting summary judgment in favor of Arch and against the defendants on Counts III through VI of the Complaint and granting the relief as set forth above.**

          **Respectfully submitted,**

          **PLAINTIFF**
          **ARCH INSURANCE COMPANY**


          **/s/ Matthew M. Horowitz**
          **Matthew M. Horowitz (ct01747)**
          **WOLF, HOROWITZ & ETLINGER, LLC**
          **99 Pratt Street, Suite 401**
          **Hartford, CT 06103**
          **PH:  (860) 724-6667**
          **Juris No. 402488**
          **mhorowitz@wolfhorowitz.com**

          **/s/ William J. Taylor**
          **William J. Taylor (ct17701)**
          **WHITE AND WILLIAMS LLP**
          **1650 Market Street**
          **One Liberty Place, Suite 1800**
          **Philadelphia, PA 19103**
          **PH: (215) 864-6305**
          **taylorw@whiteandwilliams.com**

17908877v.2

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on December 14, 2017 a copy of the foregoing *Motion of Plaintiff Arch Insurance Company for a Preliminary Injunction and for Summary Judgment as to Counts III through VI of the Complaint to Enforce its Rights to the Posting of Collateral Security and the Disclosure of Financial Information* was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic.  Parties may access this filing through the Court's CM/ECF system.

/s/ Matthew M. Horowitz
Matthew M. Horowitz (ct 01747)
Wolf, Horowitz & Etlinger, LLC
99 Pratt Street, Suite 401
Hartford, CT 06103
Tel:    (860) 724-6667
Fax:   (860) 293-1979
Email:  mhorowitz@wolfhorowitz.com
Juris No. 402488

/s/ William J. Taylor
William J. Taylor (ct17701)
WHITE AND WILLIAMS LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
PH: (215) 864-6305
taylorw@whiteandwilliams.com